UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TUBE CITY IMS, LLC,

                              Petitioner,

            -v-

ANZA CAPITAL PARTNERS, LLC,

                              Respondent.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2014

14 Civ. 1783 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On November 6, 2014, petitioner Tube City IMS, LLC ("Tube City") moved for several forms of relief, all aimed at enabling it to collect on a judgment previously entered by the Court. Dkt. 8. For the reasons explained below, the Court (1) grants Tube City leave to serve subpoenas *ad testificandum* and *duces tecum* on non-party Joseph Anza, by substitute service specified herein; (2) compels respondent Anza Capital Partners, LLC ("Anza Capital") to respond to Tube City's document requests within 30 days, and to appear for a deposition through a designated agent within 60 days; and (3) directs Anza Capital to respond, by December 5, 2014, to Tube City's motion for reasonable expenses incurred in bringing this motion.

**I.    Background**

On March 9, 2010, Tube City and Anza Capital entered into a contract for the sale and purchase of certain scrap metal goods. Dkt. 6. A few months later, Tube City inadvertently paid Anza Capital's $90,703.94 bill *twice*; Tube City thereafter attempted to recover the duplicate $90,703.94 payment from Anza Capital, but was unsuccessful. *Id.*

Tube City pursued arbitration, as provided for by the parties' contract. *Id.* Both parties appeared and participated before the arbitral tribunal. *Id.* The arbitrator awarded Tube City

$227,725.94, which reflected the duplicate payment as well as the costs of arbitration and legal fees. *Id.* Anza Capital did not pay the arbitration award ("the award"). *Id.*

On March 14, 2014, Tube City petitioned this Court to confirm the award. Dkt. 2 (the "petition"). Anza Capital was served with, but did not oppose or respond to, the petition. *See* Dkt. 3, 6. On June 11, 2014, this Court confirmed the award and entered judgment for Tube City in the amount of $227,725.94. Dkt. 6.

On November 6, 2014, Tube City, representing that it has been unable to collect upon its judgment from Anza Capital, moved for approval of several forms of discovery aimed at finding reachable assets. Dkt. 8, 9, 10. Tube City explained that it has attempted to serve Joseph Anza, Anza Capital's principal,[1] at his Connecticut residence (340 Herrmann Lane, Easton, Connecticut 06612-1048) on six occasions between August 18 and September 8, 2014. Each attempt was unsuccessful, although on one occasion, Tube City's process server spoke with Mr. Anza's wife, who accepted a delivery notification slip and did not deny that Mr. Anza resided with her, and on another, an individual in the residence was seen to peer through a window but did not open the door. Dkt. 10. Tube City now petitions the Court for an Order that:

(1) permits Tube City to serve subpoenas *ad testificandum* and *duces tecum* on Mr. Anza, pursuant to Fed. R. Civ. P. 45, by substitute service by (a) attaching a copy of the subpoenas to the door of his residence, (b) mailing a copy of the subpoenas to Mr. Anza's residence by certified mail, and (c) mailing and emailing a copy of the subpoenas to Michael Levine, Esq., Mr. Anza's attorney in another pending case;

---

[1] Anza Capital is an LLC with one member, Mr. Anza. Dkt. 10. Mr. Anza was also listed in the parties' contract as the sole representative of the seller, Anza Capital. *Id.* He also submitted witness statements and testified on Anza Capital's behalf in the underlying arbitration. *Id.*

(2) compels Anza Capital to respond to Tube City's document requests within 30 days of the Court's order, and to appear for a deposition through a designated agent within 60 days of the Court's order;

(3) awards Tube City its reasonable expenses, including attorney's fees, incurred in bringing this motion against Anza Capital; and

(4) grants other relief as the Court deems proper.

Dkt. 8.

## II. Discussion

### A. Substitute Service for Subpoenas upon Mr. Anza

The Court grants Tube City leave to serve subpoenas *ad testificandum* and *duces tecum* on Mr. Anza. Under Federal Rule of Civil Procedure 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Significantly, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of 'deliver[y]' as requiring personal service." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (quoting *Ultradent Prods., Inc. v. Hayman*, No. M8–85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002)). District courts in this Circuit have noted that "'the language of Rule 45 does not explicitly demand personal service of a subpoena'; indeed '[s]uch language neither requires in-hand service nor prohibits alternative means of service.'" *Id.* at *2 (quoting *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)); *see also Cordius*, 2000 WL 10268, at *2 ("This Court thus joins those holding that effective service under Rule 45 is not limited to personal service. In accordance with the interpretative principle that the rules 'be

3

construed and administered to secure the just, speedy, and inexpensive determination of every action,' [Fed. R. Civ. P. 1], and given the textual ambiguity of Rule 45 combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve [defendant] by certified mail. The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service.").

Accordingly, district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice. *See, e.g., Beare v. Millington*, No. 07 Civ. 3391 (ERK) (MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (approving service of subpoena on non-party by certified mail and by affixing to door after three attempts to serve personally); *JP Morgan Chase Bank*, 2009 WL 1313259, at *2–3 (approving service of subpoena by certified mail, by leaving a copy with person of suitable age and discretion, and by serving counsel, after nine unsuccessful attempts to serve personally); *Medical Diagnostic Imaging, PLLC v. Carecore National, LLC,* Nos. 06 Civ. 7764 (CS) (THK), 06 Civ. 13516 (VM) (THK), 2008 WL 3833238, at *2–3 (S.D.N.Y. Aug. 15, 2008) (approving service of subpoena on non-party by delivering copy of subpoena to his place of employment, mailing copy by first-class mail, and attaching copy of Court's order to subpoena, where there was "no question that [nonparty] ha[d] notice that his deposition [was] being sought, and that service of agents at his businesses . . . [was] sufficient to provide him with actual timely notice"); *Ultradent Prods.*, 2002 WL 31119425, at *4 (approving service of subpoena on third party SDM by certified mail, "[g]iven that certified mail return receipt requested requires delivery to the addressee and proof of delivery, that the text of Rule 45 only

requires delivery and not personal service, the precedent of *Cordius,* the verified actual receipt of the Subpoena by SDM, and the practical circumstances . . . in this case").

The first two forms of proposed substitute service in this case—(1) attaching a copy of the subpoenas to the door of Mr. Anza's residence and (2) mailing a copy of the subpoenas to Mr. Anza's residence by certified mail—are similarly quite likely to provide Mr. Anza with actual timely notice. *See Beare,* 2010 WL 234771, at *4; *JP Morgan Chase Bank,* 2009 WL 1313259, at *2–3; *Ultradent Prods.,* 2002 WL 31119425, at *4. The third proposed alternative method—mailing and emailing a copy of the subpoenas to Mr. Anza's current attorney in another case, Michael Levine, Esq.—might not alone be adequate, given that Mr. Levine has not formally appeared as counsel in federal court in this case. But it can only help assure that Mr. Anza is reached: As Tube City has explained, Mr. Levine is currently representing Mr. Anza in another litigation (*Forty Central Park South Inc., et al. v. Joseph Anza & Anza Capital Partners LLC,* Index No. 651841/2013), and he also represented Anza Capital in the underlying arbitration in this case. Because this form of service serves merely as an *additional* means of notifying Mr. Anza, the Court finds it appropriate; Tube City may use this method in conjunction with, and as a back-up to, the other two modes of alternative service. *See JPMorgan Chase Bank,* 2009 WL 1313259, at *3 (granting plaintiff's request to serve a subpoena by multiple alternate means, including "remitting a copy of the deposition subpoena by electronic mail and certified mail to counsel" of the putative deponent); *cf. Fed. Trade Comm'n v. PCCare 247 Inc.,* No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (permitting service through email and Facebook, collecting cases that permit service via email, and explaining: "The Court acknowledges that service by Facebook is a relatively novel concept, and that it is conceivable that defendants will not in fact receive notice by this means. But, as noted, the proposed service

by Facebook is intended not as the *sole* method of service, but instead to *backstop* the service upon each defendant at his, or its, known email address") (emphases added).

## B. Discovery Requests

On July 21, 2014, Tube City's counsel served Anza Capital, by mail, with a Notice of Deposition, pursuant to Fed. R. Civ. P. 30(b)(6), and a Request for the Production of Documents. The deposition notice and document request were mailed to 333 East 45th Street, Suite 26A, New York, New York, 10017, which is Anza Capital's official address on file with the New York Department of State, and the address Anza Capital used both in its contract with Tube City and during the arbitration proceeding. These discovery requests were returned to Tube City with a label stating "Return to Sender"; the label contained a forwarding address with the address of Mr. Anza's Connecticut residence, 340 Herrmann Lane, Easton, Connecticut 06612-1048. Dkt. 10. The discovery requests were then sent to Mr. Anza's Connecticut residence address. *Id.*

The Court hereby compels Anza Capital to respond to Tube City's document requests within 30 days and to appear for a deposition within 60 days of this Order. "Federal Rule of Civil Procedure 69 'clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures, [namely] Rules 26–37,' in aid of executing a money judgment." *City of New York v. Venkataram*, No. 06 Civ. 6578 (NRB), 2012 WL 2921876, at *2 (S.D.N.Y. July 18, 2012) (quoting *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 n.1 (S.D.N.Y. 1977)) (alteration in original). And Federal Rule of Civil Procedure 37 enables a court to "compel[] an answer" when "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii); *see also Venkataram*, 2012 WL 2921876, at *2 ("In light of defendant's failure to provide any response to [plaintiff's] interrogatories, defendant is ordered to answer those interrogatories within ten days of [its] receipt of this . . . Order.").

### C. Costs

Tube City seeks reasonable expenses, including attorney's fees, incurred in bringing this motion against Anza Capital. Dkt. 8. The Court will take up this request once it has given Anza Capital the opportunity to respond. Accordingly, Tube City, or its attorney, shall serve a copy of this Order on Anza Capital (by certified mail), Mr. Anza (by certified mail), and Mr. Anza's attorney (by certified mail and email) by **November 21, 2014**.

Assuming service by Tube City, Anza Capital is directed to respond, by **December 5, 2014**, to Tube City's motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *Venkataram*, 2012 WL 2921876, at *2. If Anza Capital does not respond, the Court will consider Tube City's motion for reasonable expenses unopposed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 14, 2014
New York, New York